LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

DOROTEO LEYVA, on behalf of himself and
others similarly situated,

        Plaintiff,

      v.

SYON KOSHER MEATS

        Defendant.

_____

JUDGE ROBINSON

**08 CV 1222**

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

2008 FEB -6 PM 1:52
U.S. DISTRICT COURT
S.D. OF N.Y.
FILED

Plaintiff, DOROTEO LEYVA (hereinafter, "LEYVA" or "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorney, hereby files this Complaint against Defendant, SYON KOSHER MEATS ("SYON" or "Defendant"), and states as follows:

<u>**INTRODUCTION**</u>

1. Plaintiff, LEYVA, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2.  Plaintiff, LEYVA, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendant: (1) unpaid minimum wages (2) unpaid overtime, (3) unpaid "spread of hours" payments for each day he worked ten or more hours, (4) liquidated damages equal to twenty-five percent of the sum of his unpaid overtime and his unpaid "spread of hours" payments, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, LEYVA, is a resident of Westchester County, New York.

6.  Upon information and belief, Defendant, SYON, is a corporation organized under the laws of New York, with a principal place of business located at 2558 Central Park Avenue Yonkers, New York 10710.

7.  Plaintiff, LEYVA, was employed by Defendant, SYON, at 2558 Central Park Avenue, Yonkers, New York, from on or about mid-1999 until on or about September 21, 2007.

8.  At all relevant times, SYON was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9.  At all relevant times, the work performed by Plaintiff, LEYVA, was directly essential to the business operated by SYON.

10. At all relevant times, SYON knowingly and willfully failed to pay LEYVA his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

11. At all relevant times, SYON knowingly and willfully failed to pay LEYVA his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, SYON knowingly and willfully failed to pay LEYVA his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

13. Plaintiff, LEYVA has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. In or about mid-1999, Plaintiff, LEYVA, was hired by Defendant, SYON, to work at the deli counter and to stock and to clean at Defendant's deli, located at 2558 Central Park Avenue Yonkers, New York 10710.

15. Plaintiff, LEYVA, worked for the Defendant, SYON, until on or about September 21, 2007.

16. During LEYVA's employment by SYON, he worked well over forty (40) hours per week, usually working around sixty-four (64) hours a week.

17. During LEYVA's employment by SYON, he was paid between $420 and $500 per week.

18. SYON knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

19. SYON knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

20. SYON knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

21. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff realleges and reavers Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

24. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, SYON has had gross revenues in excess of $500,000.

26. Plaintiff, LEYVA, was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

27. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

28. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

29. Plaintiff, LEYVA, worked hours for which he was not paid the statutory minimum wage.

30. At all relevant times, the Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

31. Defendant failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, LEYVA, at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

34. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, LEYVA minimum wages for hours worked when they knew or should have known such was due.

35. Defendant failed to properly disclose or apprise Plaintiff, LEYVA, of his rights under the FLSA.

36. As a direct and proximate result of Defendant' willful disregard of the FLSA, Plaintiff, LEYVA, is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff, LEYVA, suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

41. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

43. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked 10 or more hours.

44. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LEYVA, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

   a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

   b.    An injunction against SYON and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c.    An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

   d.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

   e.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

   f.    An award of liquidated and/or punitive damages as a result of SYON's willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

g.    An award of liquidated and/or punitive damages as a result of SYON's willful failure to pay minimum wages, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

h.    An award of prejudgment and postjudgment interest;

i.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 28, 2008

Respectfully submitted,

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
*Attorneys for Plaintiff*
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: (212) 400-7160
Fax: (212) 400-7162

By: _____
        ROBERT L. KRASELNIK (RK 0684)