Ballard, Rosenberg, Golper & Savitt, LLC
516 Fifth Avenue, 12th Fl.
New York, N.Y. 10036
212-398-9508
Attorneys for Defendant
Baker Hill Packing Corp.
d/b/a Syon Kosher Meats
(improperly pled as
Syon Kosher Meats

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

DOROTEO LEYVA, on behalf of himself and
others similarly situated,

        Plaintiff,

    -v-

Baker Hill Packing Corp.,
d/b/a Syon Kosher Meats,
a/k/a Syon Kosher Meats

        Defendant.

Civil Action No.
08-cv-1222 (SCR) (LMS)

**ANSWER**

---

    Defendant Baker Hill Packing Corp., d/b/a Syon Kosher Meats (improperly pled as Syon Kosher Meats ("Defendant") by and through its attorneys, Ballard, Rosenberg, Golper & Savitt LLC answers Plaintiff Doroteo Leyva's Complaint as follows:

**RESPONSE TO INTRODUCTION**

    1.  Defendant admits that Plaintiff purports to assert a claim for alleged violation of the Fair Labor Standards Act ("FLSA"). Defendant denies that Plaintiff is entitled to any relief under the FLSA.

    2.  Defendant admits that Plaintiff purports to assert a claim for an alleged violation of the New York State Labor Law. Defendant denied that Plaintiff is entitled to

1

any relief under the New York State Labor Law.

## RESPONSE TO JURISDICTION AND VENUE

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

## RESPONSE TO PARTIES

5. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies these allegations.

6. Defendant denies that Syon is a corporation organized under the laws of the State of New York. Defendant admits that it maintains a place of business at 2558 Central Park Avenue in Yonkers, New York.

7. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies these allegations.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

## RESPONSE TO STATEMENT OF FACTS

14. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies these allegations.

15. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies these allegations.

16. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies these allegations, since Defendant did not have an employee who identified himself as Doroteo Leyva. Defendant further denies that any employee worked 64 hours per week.

17. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies these allegations.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

**RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION**

22. Defendant incorporates with full force and effect its responses to Plaintiff's claims in paragraphs 1-21 of the Complaint as its response to the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Defendant admits that it has had gross annual revenues of $500,000 or more during the years 1999 to 2007, but denies the remainder of the allegations set forth in paragraph 25 of the Complaint.

26. The allegation in paragraph 26 of the Complaint that a person who works more than 40 hours per week states a legal conclusion to which no response is necessary.

Defendant denies the remainder of this paragraph of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information about what Plaintiff intends to do and this allegation calls for no further response.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

**RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION**

39. Defendant incorporates with full force and effect its responses to Plaintiff's claims in paragraphs 1-38 of the Complaint as its response to the allegations in paragraph 39 of the Complaint.

40. The allegations in paragraph 40 of the Complaint state legal conclusions to which no response is necessary or appropriate.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief and respectfully requests that this Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of Defendant and award Defendant its reasonable costs and attorney's fees incurred in defending against this action.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred by waiver and estoppel.

4. Plaintiff's claims are barred by accord and satisfaction.

5. Plaintiff's claims are barred by laches.

6. Plaintiff is not similarly situated to any current or former employee of Defendant.

7. Plaintiff's claims are barred by Federal and State laws in whole or in part as to all hours during which Plaintiff was engaged in activity preliminary to, or subsequent to, any work time.

8. Plaintiff's claims are barred by the doctrine of unclean hands.

9. To the extent that Plaintiff incurred any damage as a result of Defendant's conduct, Defendant is entitled under equity to set-off and recoupment for any damages assessed against Defendant because Plaintiff, by his actions, has exposed Defendant to

possible obligations through Plaintiff's fault in failing to follow applicable federal and state laws.

10. Plaintiff's claims must be dismissed for failure to join necessary and indispensable parties.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

12. Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith.

13. Plaintiff's claims are barred for failure to comply with the provisions of the FLSA and New York State law and for failure to exhaust administrative remedies.

14. Plaintiff's claims are barred by the Statute of Frauds.

Pursuant to the Federal Rules of Civil Procedure, Defendant requests a trial by jury.

Dated: April 30, 2008

                                      Respectfully submitted,

                                      Ballard, Rosenberg, Golper & Savitt

                                      By:  __/s/_____
                                      Kenneth J. Mc Culloch (KM-3372)
                                      516 Fifth Avenue, 12th Fl.
                                      New York, N.Y. 10036
                                      212-398-9508
                                      *Attorneys for Defendant*